UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JESSE ALLEN FISH and EMILY ANN FISH,<br>        Cross Claimants,<br><br>        v.<br><br>THERESA DONDZILA, PATRICIA SPINDLER, and BRENDA CHAPMAN,<br>        Crossclaim Defendants.<br>―――――――――――――――――――――<br>THERESA DONDZILA,<br>        Cross Claimant,<br><br>        v.<br><br>JESSE ALLEN FISH and EMILY ANN FISH,<br>        Crossclaim Defendants.<br>―――――――――――――――――――――<br>PATRICIA SPINDLER,<br>        Cross Claimant,<br><br>        v.<br><br>JESSE ALLEN FISH and EMILY ANN FISH,<br>        Crossclaim Defendants. | CAUSE NO.: 2:21-CV-341-TLS |

**OPINION AND ORDER**

This matter is before the Court on Crossclaim Defendant Brenda Chapman's Motion for Summary Judgment [ECF No. 48], which is now fully briefed. For the reasons set forth below, the Court grants the motion.

**PROCEDURAL BACKGROUND**

On November 2, 2021, the Plaintiff The Prudential Insurance Company of America ("Prudential") filed an Interpleader Complaint [ECF No. 1] against Defendants Jesse Allen Fish, Emily Ann Fish, Theresa Dondzila, Patricia Spindler, and Brenda Chapman. Prudential sought interpleader relief related to $50,000 of life insurance proceeds as a consequence of the death of

its insured Joe H. Fish ("Insured"). Prudential alleged that the death benefit was subject to the adverse claims of the Defendants.

On December 30, 2021, Emily Ann Fish and Jesse Allen Fish (the "Insured's Children") filed a Crossclaim [ECF No. 19] against Spindler, Chapman, and Dondzila ("the Insured's Sisters"). The Insured's Children allege that the Insured's Sisters exercised undue influence over the Insured when he was not of sound mind, coercing him to sign a power of attorney while he was hospitalized, and that the Insured's Sisters subsequently used the power of attorney to change the life insurance benefit to themselves to be shared equally. More specifically, they allege that, in October 2020, the Insured's Sisters requested a change of beneficiary form for the Insured regarding the Policy, with Dondzila stating that she was the power of attorney for the Insured. Chapman filed an Answer to the Children's Crossclaim [ECF No. 20].

Discovery closed on August 31, 2022, and the Court set a dispositive motion deadline of November 10, 2022. ECF Nos. 29, 44. Chapman filed the instant Motion for Summary Judgment on October 26, 2022. Jesse Allen Fish and Emily Ann Fish filed a timely response; Chapman did not file a reply.

Pursuant to Court order, Prudential deposited the interpleader funds on September 30, 2022, and the Court dismissed Prudential from this case. *See* ECF Nos. 45–47.

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may discharge this burden by "either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's

claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citation omitted). In response, the non-movant "must make a sufficient showing on every element of [her] case on which [she] bears the burden of proof; if [she] fails to do so, there is no issue for trial." *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id.* (citation omitted). The court's role "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citations omitted).

## ANALYSIS

Brenda Chapman seeks summary judgment on the Crossclaim filed against her by Jesse Allen Fish and Emily Ann Fish. In her sworn statement, Chapman avers that she is not a putative beneficiary of the death benefits at issue in this action. Ex. A ¶ 3, ECF No. 48-1. She states that she has previously indicated to Jesse Allen Fish and Emily Ann Fish and their attorney, and reiterates in her sworn statement, that she has "waived, relinquished, and disclaimed any and all interest, right, or claim that I purportedly have in the Prudential Insurance of America policy" and has "never made a claim for said benefits." *Id.* ¶ 4. Chapman states that she has "never requested a change of beneficiary form for [the Insured] regarding the Policy at issue" and that she has never "exercised undue influence over [the Insured] when he was not of sound mind or influenced or coerced him to sign a power of attorney while he was a patient in a hospital." *Id.* ¶ 5. She states that she "did not utilize the power of attorney to change the life insurance benefit," *id.* ¶ 6, and that she has "never intentionally interfered with [Jesse Allen Fish and Emily

Ann Fish's] inheritance," *id.* ¶ 7. In their response brief, Jesse Allen Fish and Emily Ann Fish do not offer evidence to contradict these statements or otherwise in support of their Crossclaim against Chapman. Accordingly, the Court grants summary judgment in favor of Chapman on Jesse Allen Fish and Emily Ann Fish's Crossclaim.

As requested by Jesse Allen Fish and Emily Ann Fish and not opposed by Chapman, the Court confirms that Chapman, by her own admission, has waived and relinquished any right she may have under the Prudential life insurance policy that is the subject of this litigation.

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS Crossclaim Defendant Brenda Chapman's Motion for Summary Judgment [ECF No. 48].

The Court will set this matter for a telephonic scheduling conference on the remaining Crossclaims of (1) Jesse Allen Fish and Emily Ann Fish [ECF No. 19] against Theresa Dondzila and Patricia Spindler, (2) Theresa Dondzila [ECF No. 31] against Jesse Allen Fish and Emily Ann Fish, and (3) Patricia Spindler [ECF No. 36] against Jesse Allen Fish and Emily Ann Fish.

SO ORDERED on July 13, 2023.

                                              s/ Theresa L. Springmann
                                              JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT